```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

**LARRY W. LANIER,**                   :

    **Petitioner,**                 :

**v.**                                 :     CIVIL ACTION 06-00438-CG-B

**GRANT CULLIVER,**                    :

    **Respondent.**                 :

## REPORT AND RECOMMENDATION

This is an action brought pursuant to 28 U.S.C. § 2254 by an Alabama prison inmate, which has been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases. This action is now ready for consideration. The record is adequate to determine Petitioner's claim; thus, no federal evidentiary hearing is required. Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1333-35 (11th Cir. 2004), cert. denied, 545 U.S. 1149 (2005). Upon careful consideration, it is recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A) because the Court lacks jurisdiction to consider it.

**I.  NATURE OF PROCEEDINGS.**

Petitioner was convicted of first-degree kidnapping and first-degree robbery in the Circuit Court of Baldwin County, Alabama, on January 10, 1995, for which he received a sentence of life without the possibility of parole pursuant to the Alabama Habitual Felony Offender Act. (Doc. 1, p. 2; Doc. 9, p. 2). Petitioner's

conviction and sentence were affirmed on appeal by the Alabama Court of Criminal Appeals in an unpublished memorandum opinion on July 28, 1995. (Doc. 9, p. 2). Petitioner did not file a petition for writ of certiorari to the Alabama Supreme Court, and the Alabama Court of Criminal Appeals issued a certificate of judgment on August 15, 1995. (Doc. 9, Ex. B). Subsequently, Petitioner filed an unsuccessful Rule 32 petition on July 1, 1997. (<u>Id.</u>).

On October 21, 1999, Petitioner filed a habeas petition in this Court, namely <u>Lanier v. Jones</u>, CA No. 99-0955-BH-M.[1] Petitioner raised the following claims in his 1999 petition:

> (1) His attorney rendered ineffective assistance; (2) the trial court lacked jurisdiction to enter judgment and sentence him; (3) the state court did not follow proper procedures in processing his Rule 32 petition; (4) the state, in trying him, violated the dual sovereignty doctrine; (5) his conviction was the result of an unlawful arrest, search, and seizure; (6) his conviction violated the doctrine of double jeopardy; and, (7) the prosecutor did not divulge certain information which would have been helpful to him at his trial.

(Doc. 9, Ex. B, p. 2). By Order dated August 2, 2000, this Court determined that Petitioner's claims were time-barred and issued an

---

[1] Petitioner acknowledges, in his Response to Respondent's Answer, that he previously filed a habeas petition in this Court. (Doc. 10).

2

order dismissing Petitioner's habeas petition. (Doc. 9, Ex. C).

Petitioner raises two claims in the instant habeas petition. (Doc. 1, p. 7). First, Petitioner claims that his due process rights were violated when, at trial, the jury was never sworn. Second, Petitioner claims that the state court conducted hearings in violation of Alabama law, where no counsel for the State appeared, thereby permitting the presiding judge to serve as both judge and prosecutor. (Id.). According to Petitioner, both claims were raised in the Rule 32 petition but not on direct appeal. (Id. at 7-8).

Respondent contends that the instant habeas petition should be dismissed because, having previously filed a petition for habeas relief in this court, Petitioner was required to apply to the Eleventh Circuit Court of Appeals for leave in order to pursue the instant successive habeas petition. According to Respondent, this Court lacks jurisdiction to review this petition pursuant to 28 U.S.C. § 2244(b)(3)(A) without authorization from the Eleventh Circuit Court of Appeals. (Doc. 9, p. 3).

**II. ANALYSIS**.

The Antiterrorism and Effective Death Penalty Act of 1996 ("ADEPA") added the provision under 28 U.S.C. §2244(b)(3)(A) which requires that "'[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an

order authorizing the district court to consider the application.'" Guenther v. Holt, 173 F.3d 1328, 1330 (11th Cir. 1999) (quoting 28 U.S.C. § 2244(b)(3)(A)), cert. denied, 528 U.S. 1085 (2000).

Petitioner's first habeas petition, as noted supra, was filed on October 21, 1999.  His current petition, filed on July 25, 2006, is clearly a successive petition.  As such, this Court lacks jurisdiction to entertain the current petition absent Petitioner first obtaining permission from the Eleventh Circuit Court of Appeals.  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir.), cert. denied, 520 U.S. 1203 (1997).  The record in this case does not reflect that Petitioner obtained an order from the Eleventh Circuit authorizing this Court to consider the instant petition.  U.S. v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005); Farris v. U.S., 333 F.3d 1211, 1216 (11th Cir. 2003).  Because Petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider Petitioner's request for relief. Id.

**III. CONCLUSION**

Accordingly, the undersigned Magistrate Judge recommends that the present habeas corpus petition be dismissed due to Petitioner's failure to comply with 28 U.S.C. § 2244(b)(3)(A).

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the **27th** day of **December, 2007.**

                                        **/S/ SONJA F. BIVINS**
                              **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  See 28 U.S.C. § 636(b)(1)( c); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.