**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LARRY W. LANIER,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 06-0438-CG-B** |
| | ) | |
| **GRANT CULLIVER,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## ORDER

This matter is before the court on petitioner's motion for relief from judgment under Rule 60(b). (Doc. 17).  The court finds that the petition was properly dismissed in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A).  Therefore, petitioner's motion is due to be **DENIED**.

## BACKGROUND

On January 15, 2008, this court adopted the magistrate judge's report and recommendation (Doc. 13) which recommended that the petition be dismissed as a successive petition under 28 U.S.C. § 2244(b)(3)(A). (Doc. 15).  Petitioner's current motion appears to assert that judgment should be set aside because: 1) where facts are in dispute, the petitioner is entitled to an evidentiary hearing, and 2) his petition should date back to his first petition, filed on April 17, 1996.

## ANALYSIS

Federal Rule of Civil Procedure 60(b) provides that a court may relieve a party from a final judgement or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or

(6) any other reason justifying relief from the operation of the judgment.

The only provisions of Rule 60(b) under which the court can determine that plaintiff could be seeking reconsideration are 60(b)(1), and (6).

### 1. Rule 60(b)(1)

Rule 60(b)(1)  permits a court to relieve a party from a final judgment, order or proceeding for "mistake, inadvertence, surprise, or excusable neglect."  Rule 60(b)(1) can be used "to permit the district court to reconsider and correct its own errors, particularly if they are of an obvious nature amounting to little more than clerical errors." Fackelman v. Bell, 564 F.2d 734, 736 (5th Cir. 1977).  "[S]ome courts have applied 60(b)(1) to theories of mistake of law when the motion was filed before the time to file a notice of appeal had expired." Wendy's Intern., Inc. v. Nu-Cape Const., Inc., 169 F.R.D. 680, 687 (M.D. Fla. 1996) (citing Morris v. Adams-Millis Corp., 758 F.2d 1352, 1358 (10th Cir. 1985)). "However, such relief is available only for obvious errors of law and limited to 'perfunctory correction." Id. (citing Alvestad v. Monsanto Co., 671 F.2d 908, 912-13 (5th Cir.), cert. denied, 459 U.S. 1070 (1982); see also Nisson v. Lundy, 975 F.2d 802, 806 (11th Cir. 1992) ("where a district court's mistake was

2

'clear on the record' and involved a 'plain misconstruction of the law..., compelling policies of basic fairness and equity reflected by 60(b)' may mandate amendment to 'conform its judgment to the law.'" (citations omitted)).   In this case, the court does not find that there were any facially obvious errors of law in the report and recommendation, or in this court's adoption of the report and recommendation.

Petitioner asserts that he was entitled to an evidentiary hearing but has not disputed the material facts - that his petition is a successive petition and that petitioner has failed to move in the court of appeals for an order authorizing the district court to consider his petition.  Because the record was adequate to determine petitioner's claim, no federal evidentiary hearing was required. Kelley v. Secretary for Dept. of Corrections, 377 F.3d 1317, 1333-35 (11th Cir. 2004).

Petitioner argues that his petition dates back to the date of his first petition.  To support this contention, petitioner sites Lanier v. Scott Rickett, Case No: 3:96-CV-141.  The court has been unable to find such a case by that case number or name, in this court or reported elsewhere. A review of petitioner's previously filed objection to the magistrate's recommendation reveals that petitioner believes his second petition should date back to his first petition because he asserts that his first petition was dismissed without prejudice.  However, judgment was entered in petitioner's first petition, Lanier v. Jones, case No: 99-cv-00955-BH-M, in favor of respondent and was not dismissed without prejudice. (Doc. 13 of 99-cv-00955-BH-M). Petitioner has offered no valid authority why his second habeas petition should not be considered a successive filing under §2244(b)(3)(A).  Therefore, the court finds that the petition was properly dismissed in accordance with the provisions of 28 U.S.C. § 2244(b)(3)(A), as petitioner has failed to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing a

federal district court to consider his successive habeas application. See Gilreath v. State Board of Pardons and Paroles, 273 F.3d 932, 933 (11th Cir. 2001) ("Because this undertaking would be his second habeas corpus petition and because he had no permission from [the Eleventh Circuit] to file a second habeas petition, ... the district court lack[s] jurisdiction to grant the requested relief.")

### 2. Rule 60(b)(6)

Under Rule 60(b)(6), a court may grant relief for "any other reason justifying relief from the operation of judgment." "[R]elief under this clause is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Crapp v. City of Miami Beach, 242 F.3d 1017, 1020 (11th Cir. 2001)(quoting Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984)). Even if a movant can persuade the court that the circumstances are sufficiently extraordinary to warrant relief, whether to grant the relief is "a matter for the district court's sound discretion." Toole v. Baxter Healthcare Corp., 235 F.3d 1307, 1317 (11th Cir. 2000) (quoting Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996)).

In addition, 60(b)(1) and (b)(6) are mutually exclusive. Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993). "Therefore, a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." Id. (quoting Solaroll Shade, 803 F.2d at 1133); see also Transit Cas. Co. v. Security Trust Co., 441 F.2d 788, 792 (5th Cir. 1971) ("The reason for relief set forth in Rule 60(b)(1) cannot be the basis for relief under Rule 60(b)(6)."). Because petitioner's legal assertions fit more naturally under Rule 60(b)(1), relief under (b)(6) is unavailable. See Cavaliere, 996 F.2d at 1115. Furthermore, this court does not find that there are exceptional circumstances that warrant relief. The court has already analyzed plaintiff's

contentions above and finds no merit in petitioner's arguments.

## **CONCLUSION**

For the reasons stated above, petitioner's motion for relief from judgment pursuant to Rule 60(b) is **DENIED.**

**DONE** and **ORDERED** this 15th day of April, 2008.

  /s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE